BEAUCHAMP v OLSEN

OPINION OF THE COURT

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS TO JURY —RIGHT-HAND LANE.

Instructions conveying the impression to a jury that a plaintiff could be found contributorily negligent solely for driving in the right-hand lane when high snow banks adjacent to the lane impaired intersecting traffic's view of plaintiff's car was error, since plaintiff had a statutory duty to use the right-hand lane (MCLA 257.642).

DISSENT IN PART BY BRONSON, P. J.

2. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—DIRECTED VERDICT.

*A plaintiff in an automobile negligence action need not conclusively prove his freedom from fault to be entitled to a directed verdict in his favor on the issue of liability.*

3. APPEAL AND ERROR—DIRECTED VERDICT—RECORD ON APPEAL—INCOMPLETE TRANSCRIPT.

*The Court of Appeals cannot assume that portions of a lower court transcript not submitted by the plaintiff as part of the record on appeal or mentioned by defendant in any way contain additional evidence on the issue of fault, or sufficient evidence of contributory negligence to justify denial of plaintiff's request for a directed verdict where the portions submitted do not disclose evidence of contributory negligence.*

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 June 8, 1972, at Lansing. (Docket Nos. 13328, 13329.) Decided July 31, 1972.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 732, 737, 1023.
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic § 361.
[2] 53 Am Jur, Trial §§ 385–387.
[3] 4 Am Jur 2d, Appeal and Error §§ 404, 515.

Complaints by Doris Beauchamp and Amos Beauchamp against Andrew Olsen and Edward L. Dodge for damages resulting from an automobile accident. Judgments for defendants. Plaintiffs appeal. Reversed and remanded with instructions.

*Leitson, Dean, Dean, Segar & Hart, P. C.* (by *Leonard B. Shulman),* for plaintiffs.

*Gault, Davison & Bowers,* for defendants.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

DANHOF, J. On February 21, 1967, plaintiff Doris Beauchamp was operating an automobile on Detroit Street in the City of Flint. Detroit Street is a four-lane through street. Defendant Edward Lamont Dodge was operating an automobile on Gracelawn Avenue which intersects with Detroit Street. The two cars collided and this litigation ensued. The jury found no cause for action and the plaintiffs have appealed. We reverse and remand.

The trial court granted summary judgment for the plaintiffs on the issue of defendant Dodge's negligence and the defendants do not challenge this ruling. The issue in this case is the question of Mrs. Beauchamp's contributory negligence. The defendants offered two theories of contributory negligence, (1) that Mrs. Beauchamp was driving too fast and failed to keep a proper lookout, and (2) that she was negligent in driving in the right-hand lane.

The claimed negligence in using the right-hand lane is based on the fact that the streets were bordered by high snow banks which rendered the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cars invisible to each other until they were quite close. We do not believe that a person can be held negligent for driving in the right-hand lane merely because there are high snow banks in the area. Ordinarily a person has every right to make use of the right-hand lane. Indeed, we have a statute which makes it his duty to do so. MCLA 257.642; MSA 9.2342. On the facts of this case Mrs. Beauchamp could not be found negligent under the defendants' second theory.

The instructions given by the trial court convey the impression that the jury could find contributory negligence on the defendants' second theory. The plaintiffs requested an instruction stating that there could be no negligence under this theory. The trial court refused to give the instruction and thereby committed reversible error. The burden placed on the favored driver is not as heavy as that imposed by the trial court. He need exercise only reasonable care. As was said in *McGuire v Rabaut,* 354 Mich 230, 235 (1958):

"It is clear, at the one extreme, that the favored driver is not permitted to lower his head, close his eyes, and charge blindly through intersections on the theory that such is his 'right' simply because he is the favored driver. It was Justice Holmes who said that 'such words as "right" are a constant solicitation to fallacy.' The favored driver's rights are not so broad. It remains his duty to exercise reasonable care under the circumstances."

The plaintiffs argue that the trial court erred in refusing to direct a verdict on the question of contributory negligence and thus a new trial should be limited to the question of damages. We cannot accept this contention. The defendants' first theory remains in the case. The plaintiffs have not pointed to any testimony that would conclusively

establish a lack of contributory negligence. In this regard we note that we have only a partial transcript before us. We cannot weigh evidence that we do not have. On remand the new trial shall be on both liability and damages.

Reversed and remanded; no costs, neither party having prevailed in full.

Van Valkenburg, J., concurred.

Bronson, P. J. *(dissenting in part and concurring in part).* After a careful and close study of the record submitted to this Court, I am of the opinion that plaintiff was not contributorily negligent. For this reason I cannot agree that a remand upon the issue of liability is necessary.

At trial defendant offered two theories of contributory negligence. The second theory was rejected by the majority since plaintiff had a statutory right to drive in the right-hand lane and the facts negated the existence of misconduct. The majority, however, found that the first theory that plaintiff was driving too fast and failed to keep a proper lookout remained in the case. The submitted record reveals the uncontroverted fact that plaintiff was driving 10 m.p.h. under the speed limit and exercising due care. Although these facts negate contributory negligence, the majority's conclusion is based upon plaintiff's failure to conclusively prove freedom from fault. I find no reason to treat the two theories differently or impose this burden upon plaintiff.

The submitted record contains only a partial transcript and neither party via the adversary process has disclosed evidence of contributory negligence. We cannot assume that within the outstanding portions of the transcript (1) additional

evidence upon the issue of fault exists, and (2) if it exists, it contains evidence of contributory negligence. This empty assumption should not be used to increase the burden of proof plaintiff has satisfied with the submitted record. If evidence of contributory negligence existed, defendant would surely have brought it to this Court's attention by brief or demand upon plaintiff to produce the remaining transcript.

Since the record contains sufficient evidence to support a directed verdict, I would limit the remand to the issue of damages.